```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

STEVE RANDY HOLLAND,

       Plaintiff,

vs.                                  No. 06-2700-B/P

UNITED STATES OF AMERICA, et al.,

       Defendants.

```
              ORDER VACATING NOVEMBER 16, 2006 ORDER
                ORDER ASSESSING $350 CIVIL FILING FEE
                                AND
              ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
```

      Plaintiff Steve Randy Holland, Bureau of Prisons ("BOP") inmate registration number 19635-001, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), filed a pro se complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., on October 16, 2006. The Clerk shall record the defendants as the United States of America and the BOP. The Clerk shall also vacate the November 16, 2006 order (Docket Entry 3), which was entered in error.

I.   Assessment of Filing Fee

      Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).[1] The in

---

[1] Effective April 9, 2006, the civil filing fee increased from $250 to $350.

forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund account officer. He has also submitted a statement showing recent transactions in his inmate trust fund account. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to

Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

    Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of FCI-Memphis to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.  <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for Defendants and deliver said process to the marshal for service. Service shall be made on Defendants pursuant to Fed. R. Civ. P. 4(i)(1) & (2). All costs of service shall be advanced by the United States.

It is further ORDERED that the Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants or on Defendants if they have no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 27th day of November, 2006.

                    s/ J. DANIEL BREEN
                    UNITED STATES DISTRICT JUDGE