IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

STEVE RANDY HOLLAND,

       Plaintiff,

vs.                              No. 06-2700-B/P

UNITED STATES OF AMERICA, et al.,

       Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION TO HOLD
DEFENDANTS' MOTION TO DISMISS IN ABEYANCE
ORDER DIRECTING PLAINTIFF TO RESPOND TO MOTION
AND
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

_____

       On October 16, 2006, Plaintiff Steve Randy Holland, Bureau of Prisons ("BOP") inmate registration number 19635-001, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (Docket Entry ("D.E.") 1.) The Court issued an order on November 27, 2006 that assessed the civil filing fee and directed the Clerk to issue process for, and the marshal to effect service on, the United States and the BOP. (D.E. 4.)

       On April 9, 2007, Defendants filed a memorandum of law in support of the motion to dismiss or, in the alternative, for summary judgment (D.E. 15) and, on April 11, 2007, Defendants filed the motion itself along with additional documents in support of the motion (D.E. 17). Holland did not file a response in opposition to

the motion to dismiss.[1] Instead, on May 9, 2007, the inmate filed a motion, entitled "Motion to Hold Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, in Abeyance to Allow Plaintiff an Opportunity to Obtain Discovery." (D.E. 19.) Defendants filed a response in opposition to the motion on June 1, 2007. (D.E. 20.) On June 13, 2007, Holland submitted an affidavit concerning his motion. (D.E. 21.)

This lawsuit concerns funds that were allegedly wrongfully withheld from Plaintiff's prison wages to satisfy a restitution obligation arising out of a conviction obtained in the United States District Court for the Northern District of Alabama. At one point, the Alabama court issued an order directing that funds deducted from Plaintiff's inmate trust fund account be restored to him. According to Defendants, the Alabama court later clarified the order to make clear that it did not mean to order the BOP to return to Holland funds that had already been remitted to the victim. (D.E. 15 at 6.) Plaintiff seeks to have all funds restored to him that he contends were wrongfully deducted from his account, amounting to $3500, plus punitive damages.

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained:

---

[1] On April 24, 2007, the Clerk docketed a letter from Holland stating that he did not receive Defendants' motion. (D.E. 18.) Defendants' filings contained the appropriate certificate of service attesting that copies were mailed to Plaintiff. In light of Plaintiff's subsequent filings, it appears he subsequently received copies of the papers filed by Defendants.

2

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).[2]

---

[2] Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit
> (continued...)

3

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

---

[2] (...continued)
affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000); see also Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998); Plott v. General Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995). The Sixth Circuit has held that, unless the nonmoving party files a Rule 56(f) affidavit, a district court cannot decline to consider the merits of a summary judgment motion on the ground that it is premature. Wallin v. Norman, 317 F.3d 558, 564 (6th Cir. 2003).

In this case, Holland did not file a Rule 56(f) affidavit. In his motion to hold the case in abeyance, which was not sworn to under penalty of perjury, he argues that he needs discovery in order to respond to Defendant's motion. Plaintiff does not specify any material he seeks to discover, however, stating only that he needs "[c]ertain evidence favorable to the plaintiff's claims and to his ability to respond to the defendant's adverse pleading [that] is in the possession and/or custody of the defendants." (D.E. 19 at 1.) Plaintiff did file an affidavit on June 13, 2007 (D.E. 21), but that document does not elaborate on the materials he believes he needs in order to respond to the motion. Moreover, as Defendants have pointed out (D.E. 20 at 3-5), it is difficult to understand what discovery Plaintiff would require in this case, as the applicable regulations and BOP Program Statements are publicly available documents that can be found in the prison law library, and as Plaintiff should have

5

received copies of every order issued by the Alabama court in his criminal case. Finally, Defendants' response suggests that Plaintiff has already sought discovery, and he has not filed any motion to compel. In light of the length of time the motion has been pending, there does not appear to be good cause to further delay proceedings in this matter.

As the inmate did not file a Rule 56(f) affidavit, and as the motion does not specify the material he requires to respond to the motion, his response is deficient on its face. The motion to hold the case in abeyance is DENIED. Plaintiff is ORDERED to file any response he may have to Defendants' motion to dismiss or, in the alternative, for summary judgment within twenty (20) days of the date of entry of this order.[3]

In his affidavit, which was filed on June 13, 2007, Plaintiff seeks appointment of counsel. (D.E. 21.) Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993), and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants, Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn.

---

[3] It is not clear whether Plaintiff's October 3, 2007 filing, entitled "Motion for the District Court to Take Judicial Notice of Certain and Relevant Policies, Regulations, Laws and Legal Maxims" (D.E. 22), was intended as a response to Defendants' motion.

6

1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[4] This district has a severe shortage of pro bono attorneys willing to represent incarcerated persons concerning prison conditions. In light of the small amount of money at issue, it is unlikely this case would be attractive to a pro bono attorney. In addition, this case does not appear to be so complex that appointment of counsel would be materially useful to a full presentation of Plaintiff's claims. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 29th day of February, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] The Second Circuit has elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.