```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

STEVE RANDY HOLLAND,

      Plaintiff,

vs.                                  No. 06-2700-STA-tmp

UNITED STATES OF AMERICA, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE

On October 3, 2007, Plaintiff Steve Randy Holland, Bureau of Prisons ("BOP") inmate registration number 19635-001, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a motion, entitled "Motion for the District Court to Take Judicial Notice of Certain and Relevant Policies, Regulations, Laws and Legal Maxims." (Docket Entry ("D.E.") 22.) Defendant filed a response in opposition to the motion on October 17, 2007 (D.E. 23 & 24) and, again, on March 7, 20008 (D.E. 28).

Rule 201(b) of the Federal Rules of Evidence provides as follows:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Plaintiff asks the Court to take judicial notice of the following:

1. That the Federal Bureau of Prisons has promulgated a policy identified as Program Statement 5380.7, Financial Responsibility Program, Inmate, effective 1/27/2000 (a/k/a Inmate Financial Responsibility Program or "IFRP").

2. That the IFRP was designed to encourage inmates confined within the Federal Bureau of Prisons (BOP) to meet his or her legitimate financial obligations and to develop a financial plan for meeting those obligations.

3. That the IFRP follows the Attorney General's regulation for the same activities, codified and found in § 545.10 of the Codes of Federal Regulation (CFR).

4. That the control and management of federal penal and correctional institutions is vested in the Attorney General, who promulgates the rules and regulations for the government of the federal correctional and/or penal institutions. 18 U.S.C. § 4001(b)(1).

5. The BOP must follow its own promulgated regulations. United States ex rel. Wolfish v. Levi, 439 F.Supp. 114, affirmed Wolfish v. Levi, 573 F.2d 118, cert. Granted Bell v. Wolfish, 99 S.Ct. 76, 439 U.S. 816, 58 L.Ed.2d 107, reversed 99 S.Ct. 1861, 441 U.S. 520, 60 L.Ed.2d 447 (1977); Kentucky department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904 (1989)(policies that create liberty interests must be adhered to strictly).

6. Under BOP Program Statement 580.07, 8(a.)(2), page 5, the BOP recognizes that a defendant's obligation to pay restitution ceases on a circuit-by-circuit basis for inmates convicted prior to April 24, 1996.

7. That the United States District Court for the Northern District of Alabama found that the obligation for Plaintiff to pay restitution ceased after five years following his sentencing date. United States v. Holland, 380 F.Supp.2d 1264 (N.D. Ala. 2005).

8. That plaintiff's restitution obligation was ordered by the United States District Court for the Northern District of Alabama on May 8, 1995, pursuant to the Victim and Witness Protection Act ("VWPA"). 18 U.S.C. § 3663, et seq., and provided a five year limitation period on the restitution obligations. See United States v. Holland, supra, at 1269.

9.    That BOP employees responsible for carrying out tasks outlined in BOP policy are trained with respect to matters contained within said policies.

10.   That 18 U.S.C. § 3579(f)(2), in effect at the time of the plaintiff's sentencing, and that is applicable here, provided that the end of restitution payment obligations <u>shall</u> not be later than five years after the date of sentencing.

11.   That it is a presumption in law that employees of the BOP, with respect to the duties assigned to them, are aware of the law that regulates those duties.

12.   That defendants have admitted that they knew plaintiff's obligation to pay restitution was no longer an obligation at the time they decided to cause him to pay the restitution obligations.

13.   That the plaintiff was threatened with institutional program and privilege restrictions if he refused to participate in the IFRP by the institutional staff responsible for imposing the obligations upon him after the obligation had expired.

14.   That the taking of property (money) is a compensable injury that the plaintiff is entitled to be compensated for when the taking was accomplished in violation of policy, regulation and/or law.

15.   That the court take judicial notice of <u>United States v. Holland</u>, 380 F.Supp.2d 1264 (N.D. Ala. 2005), and the factual statements contained therein, as well as the legal and constitutional findings.

16.   That the district court in the Northern District of Alabama found, in <u>United States v. Holland</u>, <u>supra</u>, that the BOP should not have forced plaintiff to agree, on pretense of threats to strip him of his privileges and job opportunities within the Federal Correctional Institution at Memphis, Tennessee, to defendants unlawful taking of his property as the obligation on which the taking was premised had already expired.

17.   That, insofar as defendants acts were inconsistent with clearly promulgated policies create and carried out by them, owe a duty to the plaintiff to restore to him what they caused him to be deprived of because they failed to follow the law and their own policies and regulations.

18.   That plaintiff is entitled to punitive damages because defendants engaged in activities not authorized in

law or in the policies and regulations governing the respective offices of the federal employees involved in the property deprivation issues at hand and, because said employees knew, or should have known, at the time of their forced taking of plaintiff's property, that they were forbidden from taking same by virtue of 18 U.S.C. § 3579(f)(2).

19. That defendants cannot take it upon themselves to collect restitution payments that have already expired without violating their own policies, regulations and the Constitution and the Due Process Clause thereof.

20. That defendants cannot refuse to repay monies that they unlawfully took from the plaintiff.

21. That defendants cannot make legal what by law was illegal by taking a position that the act committed by them, that resulted in an injury to the plaintiff, was taken in good faith.

22. That defendants unlawfully took plaintiff's money to pay a restitution obligation that was already expired.

23. That the Constitution forcloses the taking of property from an individual except that he be afforded due process of law; that due process of law requires a valid restitution order, not an expired one, before the taking of restitution monies may be undertaken by a government agency such as the BOP.

(D.E. 22 at 1-5).

Defendant argues that judicial notice is not appropriate for the factual and legal arguments set forth in Plaintiff's motion (D.E. 23). More specifically, Defendant disputes the accuracy of statement one (D.E. 24 at 2). Defendant contends that the Court should not take judicial notice of the reasons behind the design of the IFRP as stated in statement two because these reasons are not generally known to the trial court or capable of ready determination by resort to resources (D.E. 24 at 3). Defendant argues that the remaining "facts" listed at statements three through twenty-three constitute argument, not adjudicative fact and are not appropriate for judicial

4

notice (id. at 3-7).  Defendant also notes that statements seven and eight are attempts to bind this Court by the rulings of the United States District Court for the Northern District of Alabama (id. at 3-4).

As a general matter, judicial notice is available only for "adjudicative facts," or the "facts of the particular case," as opposed to "legislative facts," which are facts "which have relevance to legal reasoning ..., whether in the formulation of a legal principle or ruling by a judge ... or in the enactment of a legislative body."  Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir. 2002), quoting Fed. R. Evid. 201 advisory committee's note (1972).  "Adjudicative facts" are facts about the parties or the issues to which the law is applied, usually by the jury, in the trial of a case.  Marshall v. Bramer, 828 F.2d 355, 357 (6th Cir. 1987). Adjudicative facts are usually established through the introduction of evidence such as the testimony of witnesses.  Fed. R. Evid. 201 advisory committee's note (1972).  A "high degree of indisputability" is an essential prerequisite for a court to take judicial notice of a particular fact.  Id.

Thus, judicial notice is generally not the appropriate means to establish the legal principles governing the case.  Marshall, 828 F.2d at 357; see also Fed. R. Evid. 201 advisory committee's note (1972)("No rule deals with judicial notice of 'legislative' facts."). A legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law.  Toth, 306 F.3d at 349.

In the instant case, Plaintiff attempts to use judicial notice as a means for establishing his argument. The facts proposed for judicial notice in this motion are not generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Additionally, though Plaintiff references federal policies, federal regulations, and case law, these policies and legal rules do not establish the factual context for the instant case and can not be considered highly indisputable adjudicative facts.

For the foregoing reasons, Plaintiff's motion is **DENIED**.

IT IS SO ORDERED this 10th day of July, 2008.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE